UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CROSSAN HOOVER,

    Petitioner,

v.

ERIC ARNOLD,

    Respondent.

No. 2:15-cv-0805 GGH P

ORDER

    Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner challenges the 2013 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.

    Review of the federal habeas petition and attached exhibits demonstrates that petitioner is not entitled to relief on the grounds alleged, thus requiring dismissal of the petition. See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition....").

    In 2011, the United States Supreme Court overruled a line of Ninth Circuit precedent that had supported habeas review in California cases involving denials of parole by the BPH and/or

---

[1] This action is before the undersigned pursuant to petitioner's consent to proceed before a magistrate judge. 28 U.S.C. § 636(c).

1

the governor.  See Swarthout v. Cooke, 562 U.S. 216, 131 S.Ct. 859, 861 (2011).  The Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions.  Because habeas relief is not available for errors of state law, and because the Due Process Clause does not require correct application of California's "some evidence" standard for denial of parole, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided.[2]  Id. at 861–62.

The Ninth Circuit has acknowledged that after Swarthout, substantive challenges to parole decisions are not cognizable in habeas.  Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir.2011).  The rule is the same when a petitioner challenges a decision by the governor rather than a decision of the parole board.  Styre v. Adams, 645 F.3d 1106, 1108–09 (9th Cir.2011).  Under Swarthout, this court simply may not consider petitioner's claim that the governor's decision violated due process.

Petitioner raises one claim in the instant petition, that "[t]he Board of Parole Hearings officials have no evidence that petitioner's release on parole currently poses an unreasonable risk of danger if released from prison and is a bare assertion without any facts/evidence to support this claim and is contrary to the standard of review as set forth by the California Supreme Court in Lawrence."  (ECF No. 1 at 5, 19.)  Petitioner requests "a new parole consideration hearing that comports with the standard of review as set forth by the California Supreme Court in the case of Lawrence and affords petitioner his due process rights and equal protection of the law rights under both the United States Constitution and the California State Constitution."  (ECF No. 1 at 15.)  He asserts that he has not used alcohol or drugs in the thirty years he has been imprisoned since the age of seventeen, that he has shown his skill as a trusted employee in a positive work program, and that he has been and continues to be working toward being a productive member of society, as shown by his prison record.

Petitioner's challenge to the factors and sufficiency of the evidence underlying the

---

[2] Citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979), the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied."  Swarthout, 131 S.Ct. at 862.

Board's decision is not cognizable. Under the Supreme Court's decision in <u>Swarthout</u>, this court may not review whether California's "some evidence" standard was correctly applied in petitioner's case. <u>Swarthout</u>, 131 S.Ct. at 862–63. Petitioner is only entitled to an opportunity to be heard and to be provided a statement of the reasons for the parole denial. <u>Id.</u> at 862. The transcript from the hearing indicates that petitioner was represented by counsel and both counsel and petitioner were present and had an opportunity to present their arguments and were then informed on the record why parole was denied. (ECF No. 1, Ex. A.) The Due Process Clause requires no more.

      Accordingly, IT IS HEREBY ORDERED that:

      1. This petition is dismissed with prejudice;

      2. This action is closed; and

      3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated: May 4, 2015

                            <u>/s/ Gregory G. Hollows</u>
                          UNITED STATES MAGISTRATE JUDGE

GGH:076/hoov0805.parole-scrn